# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

WAYNE ANDREW SKINNER, )
)
        Plaintiff, )
)
v. ) No. CIV 07-106-JHP-SPS
)
CHEROKEE COUNTY DETENTION, )
CENTER, et al., )
)
        Defendants. )

## OPINION AND ORDER

Defendant Cherokee County Detention Center has filed a motion to dismiss all claims against it, because the Detention Center is not a legal entity subject to suit [Docket #67]. Plaintiff agrees to dismiss the Detention Center in his motion for leave to amend defendant(s), but he also asks to add another defendant [Docket #68].

The capacity of an entity to be sued is determined by the law of the state in which the federal district court is located. Fed. R. Civ. P. 17(b). Under Oklahoma law, "any person, corporation, partnership, or unincorporated association [has] capacity to . . . be sued in this state." Okla. Stat. tit. 12, § 2017(B). While the Oklahoma courts have not addressed in a published opinion the issue of whether a jail or prison has capacity to be sued, other jurisdictions have concluded that a county or local jail lacks capacity. *See Lewis v. Houston County Jail*, 876 F. Supp 861, 865 n.1 (E.D. Tex. 1995) ("The Houston County Jail is not a legal entity capable of suit."); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person'--it is not a legal

entity to begin with."); *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."); *Smith v. Franklin County*, 227 F.Supp.2d 667, 674 -675 (E.D. Ky. 2002) ("[T]he Franklin County Correctional Complex/Franklin County Regional Jail [] is not a legal entity capable of being sued. Rather, [] it is a facility owned and provided for by the Fiscal Court and operated by the jailer per [the state constitution and state statutes]."). The court, therefore, agrees that Defendant Cherokee County Detention Center must be dismissed from this action.

Plaintiff has requested leave to add Cherokee County Governmental Building Authority as a defendant. Pursuant to Local Civil Rule 9.2(c), however, he must submit an original proposed amended complaint with a proper motion to dismiss. Plaintiff is granted fifteen (15) days to file another motion to amend his complaint, along with a proper proposed amended complaint that includes all parties and all causes of action. The Court Clerk is directed to send plaintiff a copy of Local Civil Rule 9.2(c) and the court's form for filing an amended civil rights complaint.

**ACCORDINGLY,** Defendant Cherokee County Detention Center's motion to dismiss [Docket #67] is GRANTED. Plaintiff's motion for leave to amend [Docket #68] is DENIED with leave to file within fifteen (15) days a motion to amend his complaint with a proper proposed amended complaint.

**IT IS SO ORDERED** this 26th day of June 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma