# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WAYNE ANDREW SKINNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. CIV 07-106-JHP-SPS |
| LOYD BICKEL, et al., | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This action is before the court on Defendant Loyd Bickel's motion for summary judgment [Docket #74] and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. Plaintiff has not responded to the court's order to show cause why Defendant Bickel's motion should not be granted [Docket #75].

Plaintiff brought this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at the Cherokee County Detention Center (CCDC). The remaining defendants are Lloyd Bickel, CCDC Jail Administrator, and CCDC Lieutenant Supervisor George Wildcat. Defendant Cherokee County Detention Center was dismissed on June 26, 2009 [Docket #70].

Plaintiff alleges that on Saturday, January 6, 2007, he fell off a top bunk at the CCDC and injured his arm. Defendant Bickel came to the cell and told plaintiff to shut up. Because plaintiff's arm was swelling, a nurse named Cindy was called. He received aspirin and an ice pack, and on Monday the physician's assistant said plaintiff's elbow was broken. The physician's assistant told plaintiff that Defendant Bickel would not pay medical expenses, so plaintiff could not go to the hospital unless he had insurance.

Plaintiff further claims that when he asked Defendant Bickel for access to the law library on February 12, 2007, Bickel immediately locked him in solitary confinement. Bickel allegedly instructed Defendant Wildcat to pepper-spray plaintiff at every opportunity, and Wildcat sprayed under plaintiff's cell door and shut off plaintiff's water "just for kicks."

That weekend, Supervisor Sylvia sprayed plaintiff through the food slot, because plaintiff called her an obscene name. Plaintiff was told to drink out of the toilet, and only his hot water was turned on. When plaintiff threatened Bickel with a lawsuit, Bickel said he knew the prosecutor very well, and Bickel would see that plaintiff got a 20-year sentence if he sued. Defendant Wildcat returned plaintiff to the general population and told the inmates and staff that plaintiff was a "queer," causing the other inmates to make fun of plaintiff. Plaintiff kicked one inmate in the groin and broke another inmate's nose, so he was returned to solitary confinement. Officers Bird, Lach, and Sylvia repeatedly called plaintiff a "faggot."

Defendant Bickel has moved for summary judgment, alleging plaintiff has failed to exhaust his administrative remedies "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)

(citation omitted).

The record shows the CCDC inmate grievance procedure requires inmates to submit a formal Inmate Grievance Form within seven days of an alleged incident giving rise to the grievance. An inmate may appeal any adverse decision on a grievance within five days of the denial. The record shows that plaintiff sent several handwritten Requests to Staff to Bickel regarding the allegations in the amended complaint, but he never submitted any formal grievances concerning these claims. While incarcerated in the CCDC, plaintiff submitted only two formal Grievance Reports, but those grievances did not address the claims in the amended complaint. The court, therefore, finds that by the time plaintiff filed his original complaint on April 10, 2007, the deadline for exhausting his administrative remedies already had passed. The court further finds Defendant Bickel has shown the absence of a genuine issue of material fact with regard to plaintiff's failure to exhaust his administrative remedies. *See* Fed. R. Civ. P. 56(c).

With regard to Defendant George Wildcat, the court finds plaintiff has not responded to the court's order to show cause why Wildcat should not be dismissed for plaintiff's failure to serve Wildcat, pursuant to Fed. R. Civ. P. 4(m) [Docket #69]. Defendant George Wildcat, therefore, is dismissed for plaintiff's failure to serve him within 120 days of filing the complaint.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals has consistently held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn*

*v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous.

IT IS SO ORDERED this 19th day of April 2010.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma